## Case No. 11,030.

### PETERS v. BRECKENRIDGE.

[2 Cranch, C. C. 518.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

EXECUTORS AND ADMINISTRATORS—EXECUTOR DE SON TORT—ISSUE OF "NEVER EXECUTOR."

1. The possession of property by the defendant, under a disposition of it by deed in the lifetime of the deceased, is not such a possession as will, in law, constitute the possessor executor de son tort.

2. If the issue of "never executor" be found against the defendant, the judgment will be de bonis testatoris si, &c.; et si non, de bonis propriis.

Debt upon the bond of James White, Senior, charging the defendant [John Breckenridge] as executor. The defendant pleaded ne unques executor. Upon the issues joined on these pleas, the plaintiffs [Robert Peters' executors] in order to charge the defendant as executor de son tort, proved that James White died in possession of considerable personal property, which came to the hands of the defendant. The defendant, to show that the property was given to his wife, in the lifetime of White, offered in evidence, with the assent of the plaintiffs, a certain paper, under seal, executed by White and his two grandchildren, one of whom was the defendant's wife, which stated that it was the will and desire of the said White to give a certain tract of land and fifteen negroes, to be equally divided between his said two grandchildren; and he thereby appointed certain persons to make the division; and the two grandchildren were to throw into hotch-pot two tracts of land, and then the whole three tracts were to be equally divided between them. The two grandchildren bound themselves, in a penalty, to abide by the division to be made by the persons so to be appointed. The instrument is under the hands and seals of the said James White, Senior, and the two grandchildren, and of the defendant, who had married the granddaughter, and was dated in February, 1800. White died in March, 1801. The defendant and his wife resided with White until his death; and the slaves

[1] [Reported by Hon. William Cranch, Chief Judge.]

continued on the place, and were employed as usual, until his death. The division was not made until after his death.

Mr. Key and Mr. Dunlop, for plaintiffs.

Mr. Jones, for defendant.

Mr. Jones, for defendant, prayed the court to instruct the jury in effect, that the possession of the property, by the defendant, under that deed and the circumstances stated, was not such a possession as, in law, makes the defendant executor de son tort.

Which instruction THE COURT gave. (MORSELL, Circuit Judge, not sitting, having been formerly the counsel of the defendant in the case.)

The jury, however, found a verdict for the plaintiffs, which, with the judgment thereon, was ordered to be entered in the following manner, namely:—

"The jurors, &c., on their oath, say, as to the issue joined upon the plea of ne unques executor, that the within named John Breckenridge, as executor of the last will and testament of the said James White, Senior, did administer divers goods and chattels, which were of the said James, at the time of his death, in manner and form as the said (plaintiffs) have, within, in replying, alleged. And the said jurors, on their oath aforesaid, do further say, as to the issue joined upon the plea of payment, that the said James did not pay, &c., as in his said plea the said defendant hath alleged. And they find that the sum of $897.07, current money, with interest thereon, from the 1st day of January, 1803, till paid, is justly due to the said plaintiffs on the writing obligatory aforesaid.

"Therefore it is considered by the court here that the said plaintiffs recover against the said John Breckenridge, as such executor as aforesaid, as well the sum of £1,218. 10s. sterling, equal to $5,415.56 current money, their debt aforesaid, as the sum of $10,000 damages; the said debt and damages to be released on the payment of $897.07, with interest thereon from the 1st day of January, 1803, till paid, and the sum of —— by the court here, unto the said plaintiffs, on their assent adjudged for their costs and charges by them about their suit in this behalf expended; to be levied of the goods and chattels which were of the said James White at the time of his death in the hands of the said John Breckenridge to be administered, if he hath so much thereof in his hands to be administered, and if he hath not so much thereof in his hands to be administered, then to be levied of the proper goods and chattels of the said John Breckenridge; and that the said plaintiffs have thereof their execution, &c.; and the said John Breckenridge, in mercy, &c."

[Subsequently the defendant filed a bill in equity to stay proceedings upon the judgment recovered in the above case on the ground of usury. The bill was dismissed. Case No. 1,-825.]